JUDGE BURGESS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | NO.  CR05-5607FDB |
| Plaintiff, ) | |
| v.          ) | GOVERNMENT'S |
| JASON LEE SMITH, ) | TRIAL BRIEF |
| Defendant. ) | |
| _____) | |

## I.    INTRODUCTION

The United States of America, by John McKay, United States Attorney for the Western District of Washington, and Kent Y. Liu, Special Assistant United States Attorney for said District, submits this Trial Brief.  Trial is currently scheduled to begin on January 17, 2006.  This memorandum contains a statement of facts that the United States anticipates will be proven at trial, sets forth pertinent law, and addresses evidentiary issues expected to arise during the course of this trial.

By way of a three-count indictment, the defendant is charged with Possession of Methamphetamine with Intent to Distribute; Possession of a Firearm in Furtherance of a Drug Trafficking Offense; and being a Felon in Possession of a Firearm.

The Government anticipates that the trial will last approximately three days inclusive of jury selection and closing arguments.  The Government will call approximately eight witnesses.

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

## II.    BACKGROUND

**A.    Facts**

On January 28, 2005, Washington State Patrol Trooper Steven Gardner was patrolling southbound on I-5 in Fife, Washington, when he observed a vehicle traveling on the freeway without a front license plate.  Trooper Gardner also noticed the vehicle had a defective windshield.  The trooper activated his overhead lights, and this vehicle pulled over.

Trooper Gardner observed two occupants inside the vehicle.  Jason Lee Smith was the driver.  The female passenger was identified as Sitofi O'Brien.  When Trooper Gardner asked Smith for his driver's license, Smith first reached into his pants pockets, then he reached into a black backpack laying on the back seat of the car.  After checking several pockets of the backpack, Smith said he must have left his wallet at home.  The trooper asked Smith if he had any picture identification on him.  Smith responded he did not.  Smith was asked to step out of the vehicle.  Smith provided his name to Trooper Gardner and stated that he probably had a misdemeanor warrant for his arrest.

A records check revealed both Smith and O'Brien had outstanding warrants. Trooper Gardner also learned that Smith was a convicted felon from the records check. After Smith was placed under arrest for the outstanding warrant, Trooper Gardner conducted a search of the vehicle incident to arrest.  Trooper Gardner looked inside the black backpack which Smith had reached into earlier.  Inside the backpack, the trooper discovered a loaded Smith and Wesson 9mm, semi-automatic pistol.  Next to the pistol, the trooper found a black leather wallet containing Smith's picture identification.  Also in the same backpack, the trooper discovered a locked rectangular metal box.

Trooper Gardner advised Smith of his Miranda rights.  Smith acknowledged that he understood his rights and agreed to talk to the trooper.  Smith admitted that everything in the backpack belonged to him.  When Trooper Gardner asked Smith if the metal box contained drugs, he admitted there was methamphetamine inside.  Smith

gave Trooper Gardner the combination for the lock, however, Smith declined to give the trooper consent to search the box.  Smith said that he had traded a mountain bike for the gun about a week prior.  Trooper Gardner spoke to O'Brien and learned that Smith has been "dealing off and on for a couple of years."  O'Brien also stated that Smith buys drugs to sell once or twice a week, typically a half ounce to an ounce at a time.  Smith admitted that he recently purchased an ounce for $1,200.00.  Smith further admitted that he sold a half ounce to an ounce every few days.

After Smith was booked into the Pierce County Jail, Trooper Gardner used a K-9 to sniff the exterior of the locked box.  The K-9 gave a positive alert by scratching at the box, indicating the presence of narcotic odor.

Trooper Gardner obtained a search warrant for the locked box on February 1, 2005.  The search was conducted the same day.  Inside the box, Trooper Gardner discovered 21.7 grams of methamphetamine, a number of plastic baggies containing drug residue, a measuring cup with drug residue, coffee filters, and a digital scale also containing drug residue.

The DEA crime laboratory confirmed the substance inside the box was methamphetamine.  The crime lab also reported the net weight of the methamphetamine was 19.1 grams.

The defendant has prior felony convictions for Assault in the Third Degree on October 30, 2001; Malicious Mischief in the Second Degree on October 30, 2001; Forgery on May 9, 2003; and Possession of Opium Derivatives on May 13, 2000.

**B.   Pretrial Motions**

There is currently a pretrial motion by Miriam Schwartz, the attorney for defendant Jason Smith, to withdraw as his counsel.

### III.   APPLICABLE LAW

**A.   The Elements of the Crime**

**1.   Possession of Methamphetamine with Intent to Distribute.**  The

Government's Trial Brief, United States – 3
v. Jason Lee Smith,  CR05-5607FDB

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

elements of the offense of possession of methamphetamine with intent to distribute, in violation of Title 21, United States Code, Sections 841(a) and 841(b)(1)(B), are as follows:

      First, that the defendant knowingly and intentionally possessed methamphetamine;

      Second, that the defendant knew the substance was methamphetamine or some other prohibited drug; and

      Third, that the defendant possessed the methamphetamine with intent to distribute it to another person.

**2.      Possession of a Firearm in Furtherance of a Drug Trafficking Offense.** The elements of the offense of possession of a firearm in furtherance of a drug trafficking offense, in violation of Title 18, United States Code, Section 924(c)(1)(A), are as follows:

      First, that the defendant committed the crime of possession of methamphetamine with intent to distribute, as charged in count 1 of the indictment;

      Second, that the defendant knowingly possessed a firearm; and

      Third, that the defendant possessed the firearm in furtherance of and in relation to possessing methamphetamine with intent to distribute. Such possession is "in relation to the crime" if the firearm facilitated or played a role in the crime.

**3.      Felon in Possession of a Firearm.**  The elements of the offense of felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(1), are as follows:

      First, that the defendant knowingly possessed a firearm;

      Second, that the firearm had been shipped or transported from one state to another or from a foreign nation to the United States; and

      Third, that at the time the defendant possessed the firearm, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.

Government's Trial Brief, United States – 4
v. Jason Lee Smith,  CR05-5607FDB

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

# IV. LEGAL ISSUES AT TRIAL

### A.    Possible Stipulations

Among the possible subjects of stipulations are the following: a stipulation to the defendant's prior felony convictions, and that the firearm traveled in interstate commerce.  Additional stipulations may also be proposed prior to or during trial.

If the defendant does seek to stipulate to his prior felony conviction, the Court and the Government must accept it.  <u>Old Chief v. United States</u>, 519 U.S. 172, 189 (1997); <u>United States v. Hernandez</u>, 109 F.3d 1450, 1452 (9th Cir. 1997).  If the defendant does not stipulate, the Government will introduce evidence that the defendant was convicted of the crimes set forth in the indictment.

### B.    Defendants' prior convictions.

Should the defendant testify, the government may seek to impeach him using his prior convictions, as permitted by Federal Rule of Evidence 609.

1. <u>Prior convictions</u>.

The defendant has the following convictions:

        Assault in the Third Degree on October 30, 2001;

        Malicious Mischief in the Second Degree on October 30, 2001;

        Forgery on May 9, 2003; and

        Possession of Opium Derivatives on May 13, 2000.

2. <u>Impeachment by Rule 609.</u>

Federal Rule of Evidence 609 provides:

> (a) General Rule. For the purpose of attacking the credibility of a witness,
> (1) evidence that a witness other than the accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused.
> (2) evidence that any witness has been convicted of a crime shall be admitted if it involves dishonesty or false statement, regardless of the punishment.

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1  As to other crimes, the district court is given broad discretion in admitting prior

2  convictions for impeachment purposes, and should apply the general balancing test of

3  Rule 403.  United States v. Rowe, 92 F.3d 928, 933 (9th Cir. 1996).  The Ninth Circuit

4  has set forth five factors for balancing the relative probativeness against the unfair

5  prejudice of a prior conviction.  United States v. Cook, 608 F.2d 1175, 1185 n.8 (9th

6  Cir. 1979). These factors are: (1) the impeachment value of the prior crime; (2) the

7  temporal relationship between the conviction and the defendant's subsequent criminal

8  history; (3) the similarity between the past and the charged crimes; (4) the importance

9  of the defendant's testimony; and (5) the centrality of the credibility issue.  Id.

10  The government will not seek to impeach the defendant under Rule 609 using

11  misdemeanor convictions or convictions greater than ten years old, unless the defendant

12  opens the door to such inquiry.

13  The government will seek to impeach the defendant using his prior felony

14  convictions for Forgery and Possession of Opium Derivatives, should the defendant

15  elect to take the witness stand.  The Forgery conviction occurred on May 9, 2003.  The

16  drug conviction occurred on May 13, 2000.

17  It is well established that "prior convictions for drug offenses are probative of

18  veracity . . . ."  United States v. Cordoba, 104 F.3d 225, 229 (9th Cir. 1996); see also

19  Alexander, supra, 48 F.3d at 1488.  The defendant's conviction for Possession of

20  Opium Derivatives is not impermissibly stale.  Rule 609 allows for admissibility of this

21  convictions because it occurred within ten years.  Likewise, the defendant's conviction

22  for Forgery is admissible because this is a crime involving "dishonesty or false

23  statement" under Rule 609.  Furthermore, this conviction occurred within ten years.

24  If the defendant elects to testify, the government anticipates his testimony to be

25  that he did not knowingly possess the firearm.  This claim goes to the central issue of

26  the case.  Thus, the defendant's credibility, or lack thereof, is central to any claim

27  made to the jury that he was innocent of the crime.  When coupled with the appropriate

28  limiting instruction, the probative value of defendant's convictions outweighs any

Government's Trial Brief, United States – 6
v. Jason Lee Smith,  CR05-5607FDB

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1   prejudicial effect.  These convictions should therefore be admitted.

2   **C.   Admissibility of Uncharged "Other Crimes" Evidence**

3   During its case-in-chief, the government may elicit testimony about additional

4   uncharged misconduct by the defendant.  This type of evidence is admissible under

5   Federal Rule of Evidence 404(b). Should the government seek to introduce such

6   evidence, it will separately address this topic in detail in a Notice of Intent to Introduce

7   Evidence of Other Crimes, Wrongs, and Acts.

8   **D.   Expert Testimony and Persons With Specialized Knowledge**

9   The Government intends to call five experts, Dan Mehlhoff, Minh C. Nguyen,

10  Alan Christensen, Terry Franklin, and Jill P. Arwine.  Under Federal Rule of Evidence

11  702, "[i]f scientific, technical, or other specialized knowledge will assist the trier of

12  fact to understand the evidence or to determine a fact in issue, a witness qualified as an

13  expert by knowledge, skill, experience, training, or education, may testify thereto."

14  Expert testimony must be both (1) relevant, that is, it must have a valid connection to

15  the pertinent inquiry at trial, and (2) reliable, that is, it must be trustworthy. Daubert v.

16  Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 597 (1993).

17  ATF Special Agent Daniel Mehlhoff, an expert in the interstate nexus of

18  firearms, will testify that the Smith & Wesson 9mm pistol was manufactured outside

19  the State of Washington and traveled to the State of Washington in interstate commerce.

20  Alan Christensen is an Identification Technician with the King County Sheriff's

21  Department AFIS Center.  Mr. Christensen compared the fingerprint impressions of the

22  defendant made during booking with the fingerprints found on the felony conviction

23  judgments from King County Superior Court, and determined that all of those inked

24  fingerprints were made by the same person.

25  Jill P. Arwine is a Forensic Scientist with the Washington State Patrol Crime

26  Laboratory.  Ms. Arwine will testify that she analyzed the Smith & Wesson 9mm pistol

27  for latent prints.  Ms. Arwine will testify that no latent prints were recovered and she

28  will explain the process and factors which contribute to her findings.

Government's Trial Brief, United States – 7
v. Jason Lee Smith,  CR05-5607FDB

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1   Terry Franklin is the Supervising Forensic Scientist with the Washington State

2   Patrol Crime Laboratory.  He is a firearms expert and will testify that he examined and

3   test fired the Smith & Wesson pistol, and he determined the firearm is operable.

4   Forensic Chemist Minh C. Nguyen, from the Drug Enforcement Administration

5   Laboratory, will testify regarding his analysis of the methamphetamine seized during

6   the course of this investigation.  Nguyen is a forensic chemist trained to analyze

7   controlled substances.  He will testify that the substance acquired by law enforcement

8   during this investigation contained methamphetamine.  He will also testify regarding the

9   weight of the substance.

10  **E.    Hostile Witness**

11  The government will call Sitofi O'Brien as a witness at trial.  Ms. Sitofi was the

12  passenger in the vehicle, and she provided information to Trooper Gardner regarding

13  the defendant's methamphetamine dealing.  Ms. Sitofi has a child in common with the

14  defendant.  Due to her close personal relationship with the defendant, Ms. Sitofi may

15  be reluctant to testify.  If Ms. O'Brien is called, there is a possibility that she might be

16  hostile to the government.  If that occurs, the government will likely move to treat her

17  as a hostile witness.  Federal Rule of Evidence 611(c) states, in pertinent part: "When a

18  party calls a hostile witness, an adverse party, or a witness identified with an adverse

19  party, interrogation may be by leading questions." The Ninth Circuit has cited Rule

20  611(c) in allowing leading examinations. United States v. Archdale, 229 F.3d 861, 865

21  (9th Cir. 2000).

22

23

24

25

26

27

28

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

Dated:  this 29th day of December, 2005.

Respectfully submitted,

JOHN McKAY
United States Attorney


s/ Kent Y. Liu
_____
KENT Y . LIU
Special Assistant United States Attorney
WSBA # 21599
United States Attorney's Office
1201 Pacific Avenue, Suite 700
Tacoma, WA  98402
Telephone:  (253) 428-3830
Fax:  (253) 428-3826
E-mail:  Kent.Liu@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2005, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the defendant(s).  I hereby certify that I have served the attorney(s) of record for the defendant(s) that are non CM/ECF participants via telefax.

s/ Carley R. Noaker
CARLEY R. NOAKER
Legal Assistant
United States Attorney's Office
1201 Pacific Avenue, Suite 700
Tacoma, Washington 98402
Phone: (253) 428-3835
Fax:    (253) 428-3826
E-mail: carley.noaker@usdoj.gov

Government's Trial Brief, United States – 10
v. Jason Lee Smith,  CR05-5607FDB

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800